IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–01006–CMA–KMT

20/20 FINANCIAL CONSULTING, INC., a Colorado corporation,

	Plaintiff,

v.

JOHN DOES 1 – 5,

	Defendants.

## ORDER

	This matter is before the court on Plaintiff's "Motion for Expedited Order Authorizing Discovery Pursuant to Fed. R. Civ. P. 26(d)." (Doc. No. 2, filed May 4, 2010 [hereinafter "Mot."].)  In this case, Plaintiff is alleging that the unknown "John Doe" Defendants (hereinafter "Defendants") have posted false and defamatory messages about Plaintiff on various internet weblog and bulletin board websites.  Plaintiff seeks an order from this court authorizing it to conduct discovery before the parties have conferred pursuant to Fed. R. Civ. P. 26(f) for purposes of identifying Defendants.

	First, as a general rule, the use of "John Doe" or other fictitious names to identify defendant is not favored.  *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980) (internal citation omitted).  However, circumstances do arise "where the identity of alleged defendants will not be known prior to the filing of a complaint."  *Id.*  In such circumstances, the plaintiff

should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. *Id.* (internal citations omitted); *see also Tracfone Wireless, Inc.,* 642 F. Supp. 2d 1354, 1361 (S.D. Fla. 2009). Here, Plaintiff maintains that it has contacted the operators of the various weblog and bulletin board websites, but has been unable to acquire information relating to Defendants' identities. As such, Plaintiff seeks an order from this court permitting it to conduct formal discovery, pursuant to Fed. R. Civ. P. 45, into the Defendant's identities.

Federal Rule of Civil Procedure 26(d) generally provides that formal discovery will not commence until after the parties have conferred as required by Rule 26(f). *Qwest Communications Int'l, Inc. v. Worldquest Networks, Inc.,* 213 F.R.D. 418, 419 (D. Colo. 2003). However, Rule 26(d) goes on to explain that discovery may be conducted prior to a Rule 26(f) conference "when authorized by . . . court order." Fed. R. Civ. P. 26(d); *Arista Records, LLC v. John Does 1–19,* 551 F. Supp. 2d 1, 6 (D.D.C. 2008). In this district, courts have permitted such expedited discovery upon a showing of good cause. *Pod-Ners v. Northern Feed & Bean of Lucerne Ltd.,* 204 F.R.D. 675, 676 (D. Colo. 2002) (citing *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.,* 202 F.R.D. 612, 614 (D. Ariz. 2001)) (finding good cause exists for expedited discovery in cases involving infringement and unfair competition).

The court finds that good cause exists to permit Plaintiff to conduct expedited discovery to discover the identities of Defendants. Indeed, this case is largely analogous to *Arista Records,* where the court permitted expedited discovery to identify defendants allegedly engaged in copyright infringement by downloading and distributing the plaintiffs' recordings using an

"online media distribution system." 551 F. Supp. 2d at 3.  There the court found that the plaintiffs had set forth good cause for expedited discovery because the "[d]efendants must be identified before this suit can progress further." *Id.* at 6.  Much like the *Arista Records* defendants, Defendants here have engaged in anonymous online behavior, which will likely remain anonymous unless Plaintiff is able to ascertain their identities.  And thus far, Plaintiff has been  unsuccessful in its attempts to ascertain Defendant's identities through informal, pre-lawsuit investigation.  Because it appears likely that Plaintiff will continue to be thwarted in its attempts to identify Defendants without the benefit of formal discovery mechanisms, the court finds that Plaintiff should be permitted to conduct expedited discovery, pursuant to Fed. R. Civ. P. 45, for the limited purpose of discovering the identities of Defendants.

WHEREFORE, it is

**ORDERED** that Plaintiff's "Motion for Expedited Order Authorizing Discovery Pursuant to Fed.R.Civ.P. 26(d)" (Doc. No. 2) is **GRANTED**.  Plaintiff is authorized to conduct discovery, pursuant to Fed. R. Civ. P. 45, prior to the Fed R. Civ. P. 26(f) conference for the limited purpose of discovering the identities of Defendants.  It is further

**ORDERED** that Plaintiff shall file a status report on or before July 10, 2010, regarding the status of the discovery and attempts to identify Defendants.

Dated this 11th day of May, 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge